605 F.2d 1078
 21 Fair Empl.Prac.Cas. 33, 21 Empl. Prac.
Dec. P 30,289
Lois M. BUCKLEY, Appellant,
v.
CITY OF OMAHA, NEBRASKA, a Municipal Corporation, A. B.
Hogan, in his capacity as Director of the Human Relations
Department of the City of Omaha and Individually, and
Lawrence L. Wewel, in his capacity as Director of the
Personnel Department of the City of Omaha and Individually, Appellees.
 No. 79-1052.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 14, 1979.
Decided Sept. 25, 1979.
 
 Randall W. Owens, Omaha, Neb., for appellant.
 Kent N. Whinnery, Deputy City Atty., Omaha, Neb., for appellees.
 Before HEANEY, BRIGHT and STEPHENSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lois Buckley, a clerical employee discharged in late 1976 by the City of Omaha, brought this action against her former employer, its personnel director, and her immediate supervisor to recover damages under 42 U.S.C. §§ 1981, 1983, and 2000e-2 (1976) for discriminatory treatment. She alleged that she, a white woman, had been denied a job promotion, harassed, and finally fired by her black supervisor, appellee A. B. Hogan, on account of her race. Following a nonjury trial and written arguments, the district court[1] made findings of fact and concluded that Ms. Buckley had not been discriminated against. She appealed, arguing that the district court applied an inappropriate legal standard to her claim. We affirm.
 
 
 2
 I. Background.
 
 
 3
 The facts of the case are fully recounted by the district court in an unpublished opinion and need be only briefly outlined here. In early 1976, Ms. Buckley, then the highest-ranking clerical employee within the Human Relations Department (Department) of the Omaha city government and personal secretary to its director, A. B. Hogan, appeared before the city's personnel board. She complained there that Director Hogan had improperly and discriminatorily refused to approve her elevation to the newly created status of executive secretary. The personnel board ruled that it lacked jurisdiction to require Hogan's endorsement. However, in a subsequent meeting of Buckley and her attorney with Hogan and defendant Lawrence Wewel (director of the city personnel department), the city officials agreed that Buckley would have a sixty-day trial period to demonstrate proficiency at advanced supervisory skills. Mr. Hogan was displeased with her performance, and in early march he relieved her of supervisory responsibilities.
 
 
 4
 On March 17, 1976, Hogan decided to shift Ms. Buckley to the compliance division of the Department, where she would work under Jim Herbert, a white man. Hogan testified that he believed this move would permit him to ascertain whether he was subconsciously biased in his handling of Buckley. Buckley was told to orient Herbert's then-secretary, Ruth Dorsey (a black woman), to the job of secretary to the director, and to accept orientation by Dorsey for her new job. Buckley refused to cooperate, and Hogan fired her. Buckley appealed this action to the personnel board, which found her to have been insubordinate but reduced her punishment to a suspension. In the meantime, Hogan had hired Nadine McWilliams, a black person, as his personal secretary. Ms. McWilliams remained Hogan's secretary after Buckley's return until she went on pregnancy leave. At that time Hogan directed Dorsey to take her place. Buckley continued to work for Herbert. Hogan sought but did not receive funding for an additional clerical employee. Upon the return of McWilliams from her leave in September 1976, Buckley was laid off because of a lack of funds and a lack of work for her to do in the Human Relations Department. Buckley declined the offer of a secretarial position in another city department, and she has been largely unsuccessful in finding employment elsewhere. She obtained a right-to-sue letter from the Attorney General's office on December 30, 1976 (See 42 U.S.C. § 2000e-5(e) (1976)), and within ninety days she instituted this lawsuit.
 
 
 5
 II. Analysis.
 
 
 6
 The district court concluded that there had not been racial discrimination in this case. The evidence showed that it was not unusual for a Secretary II (Ms. Buckley's classification) to act as personal secretary to a city department head, and that the creation of an executive secretary position within a department was discretionary. The court found credible Hogan's initial evaluation of Buckley's aptitude for the supervisory responsibilities of that job. Evidence also showed that it was not unusual to requisition a prompt replacement for a terminated employee, and that Hogan had no independent power to choose Buckley's successor. Both of the people who were eventually interviewed for the job were black. The district court concluded that Hogan's actions in discharging Buckley for insubordination and hiring her successor did not constitute racial discrimination.
 
 
 7
 The court also found that Buckley's permanent termination in September 1976 was not racially motivated. Her supervisor, Jim Herbert, characterized her attitude as less than ideal. Budgetary restraints required some cutbacks. Hogan's choice of Buckley as the individual to be terminated was not an irrational one, in the words of the district court, "* * * given her large salary, small workload, and recent problems with her supervisors." Moreover, the efforts of Larry Wewel to find another job for Buckley demonstrated an absence of racial prejudice by the city.[2] General hiring and promotional practices within the Department likewise support this conclusion.
 
 
 8
 The entire record contains adequate support for the findings of the district court. We cannot characterize them as clearly erroneous.
 
 
 9
 Further, we are unpersuaded by appellant's argument that the district court's method of legal and factual analysis is inconsistent with that articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1975). The district court quite properly considered the evidence of both parties in determining whether or not there had been unlawful discrimination. See Mosby v. Webster College, 563 F.2d 901, 903 n.2 (8th Cir. 1977). The district court did not err in deciding that appellees should prevail without having first determined whether appellant had established a prima facie case. Id. at 903. Appellees articulated legitimate, nondiscriminatory reasons for their actions, and Ms. Buckley did not show these reasons to be pretexts. See McDonnell Douglas Corp. v. Green, Supra, 411 U.S. at 802, 804, 93 S.Ct. 1817.
 
 
 10
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Robert V. Denney, United States District Judge for the District of Nebraska, presiding
 
 
 [2]
 Counsel for the city and the other appellees stated at oral argument that Ms. Buckley retains a right of recall to city employment